UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20661-CIV-LENARD/O'SULLIVAN

ISABEL MAGDALENA, et al.

    Plaintiffs,

v.

TOYOTA MOTOR CORPORATION, et al.

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court pursuant to Toyota Motor Corporation's Notice and Memorandum of Law in Compliance with Magistrate's November 20, 2012 Order (DE # 82, 11/26/12). "The determination of whether a person is a managing agent, and therefore subject to a Rule 30(b)(1) notice of deposition, is not formulaic; rather, it is a fact-specific inquiry." Calixto v. Watson Bowman Acme Corp., 07-60077-CIV-ZLOCH, (DE # 73, 9/29/08) at p. 5, citing to 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2107 (1994 & West Supp. 2008).

> To decide whether a person is a managing agent, courts examine the following factors: (1) whether the individual has general power to exercise discretion in corporate matters; (2) whether he or she can be expected to testify at the employer's request; (3) whether there are persons within the corporation with greater authority regarding the information sought; (4) the general responsibilities of the individual regarding the matters under litigation; and (5) whether the witness identifies with the interests of the corporation.

Zurich Insurance Co. V. Essex Crane Rental Corp., No 90 Civ. 2263, 1991 U.S. Dist. LEXIS 863, *2-3 (S.D.N.Y. Jan. 29, 1991).

In the Zurich case, the Court determined that two (2) employees of Essex Crane Rental

Corp., who inspected a crane, were managing agents of Essex Crane Rental Corp.  The Court reasoned that the employees had an identity of interests with the defendant, were in the control of the defendant and would testify if asked to do so by Essex, and the employees were in the best position to testify as to the accident that occurred in that matter.  See, Zurich at *4.  Likewise, in this case, the two employees in question would likely testify if asked to do so by the defendant, the two employees inspected the car in question and are in the best position to testify as to what occurred at the inspection, the two employees were in control of the inspection of the subject car, and the two employees have an identity of interests in the defendant.  In addition, "[c]lose questions regarding the status of an employee as a managing agent are to be resolved in favor of the party seeking the deposition, since the use of his or her testimony at trial can be resolved subsequently."  Zurich, at *4.

     Even if the employees are not managing agents of the defendant regarding their everyday duties with the defendant, the employees may still be managing agents regarding giving testimony about the inspection of the car in this matter.  See Tomingas v. Douglas Aircraft Co., Inc., 45 F.R.D. 94, 96-97 (stating that "although Dundore and Kempa many not be 'managing agents' in the course of their everyday duties for the defendant corporation, they are 'managing agents' for the purpose of giving testimony regarding the accident investigation, a most relevant aspect of this litigation.")

     In this case, two Toyota Motor Corporation employees, Leo Cuckier and Tetso Tsuda, were assigned the task of participating in and conducting the inspection of the vehicle at issue in this lawsuit.  See Plaintiffs' Response to Toyota Motor Corporation's Notice and Memorandum of Law in Compliance with Court's November 20, 2012 Order (DE # 89, 12/3/12) at p. 2.  The undersigned finds, based on the case law cited above, that when an employee is assigned the task of conducting and inspecting a vehicle that is the subject of a lawsuit, that employee is a managing agent of the corporation, at least with regard to that inspection.

Accordingly, having reviewed the applicable filings and law, it is

**ORDERED AND ADJUDGED** that the Leo Cuckier and Tetso Tsuda are both managing agents of Toyota Motor Corporation and the plaintiffs do not need to subpoena Leo Cuckier and Tetso Tsuda.  Rather,  Leo Cuckier and Tetso Tsuda may be noticed under Federal Rule of Civil Procedure 30(b)(1) for deposition.

DONE AND ORDERED in Chambers at Miami, Florida this 18th day of December, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
U.S. District Judge Lenard
All counsel of record